# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OVERLAND STORAGE, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>BDT AUTOMATION TECHNOLOGY (ZHUHAI FTZ) CO., LTD.; DELL INC.; BDT AG; BDT PRODUCTS, INC.; BDT-SOLUTIONS GMBH & CO. KG; BDT DE MEXICO, S. DE R.L. DE C.V.; INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>　　　　　　　　　　Defendants.<br>_____<br>AND RELATED COUNTERCLAIMS | CASE NO. 10-CV-1700 JLS (BLM)<br><br>**ORDER: (1) GRANTING DEFENDANT BDT PRODUCTS, INC.'S MOTION TO STAY PENDING ITC INVESTIGATION; (2) GRANTING DEFENDANT INTERNATIONAL BUSINESS MACHINES CORP.'S MOTION FOR EXTENSION OF TIME TO FILE ANSWER**<br><br>(Doc. Nos. 21, 25) |

　　Presently before the Court are Defendant BDT Products, Inc.'s (BDT Products) motion to stay pending ITC investigation (Doc. No. 21) and Defendant International Business Machines Corp.'s (IBM) motion for extension of time to file answer (Doc. No. 25). Also before the Court is Plaintiff's notice of non-opposition to BDT Products' motion and BDT Products' reply. (Doc. No. 22.) Having considered the parties' arguments and the law, the Court **GRANTS** both motions.

//

**BACKGROUND**

Plaintiff Overland Storage, Inc. alleges patent infringement by Defendants BDT AG; BDT Products; BDT-Solutions GmbH & Co.; BDT Automation Technology (Zhuhai FTZ) Co., Ltd.; BDT de Mexico, S. de R.L. de C.V.; Dell Inc.; and IBM. (*See* Doc. No. 14 (FAC).) Defendants allegedly have infringed and continue to infringe U.S. Patent No. 6,328,766 (the '766 patent) and U.S. Patent No. 6,353,581 (the '581 patents), which are owned by Plaintiff. (*See id.* ¶¶ 15–26.) BDT Products moves to stay the proceedings pending a final determination by the United States International Trade Commission (ITC) in an ongoing investigation regarding the '766 and '581 patents. (*See* Doc. No. 21 (Mot. to Stay).) IBM joins in BDT Products' motion to stay (Doc. No. 26) and also moves for an extension of time to answer the FAC (Doc. No. 25). Plaintiff does not oppose the motion to stay so long as Plaintiff is allowed to continue to effect service on BDT AG; BDT-Solutions GmbH & Co.; BDT Automation Technology (Zhuhai FTZ) Co., Ltd.; and BDT de Mexico, S. de R.L. de C.V (the Foreign Defendants). (*See* Doc. No. 22 (Stm't of Non-Opp'n).) BDT Products opposes Plaintiff's plea to effect service. (*See* Doc. No. 28 (Reply).)

**DISCUSSION**

At the request of a party to a civil action that is also a respondent in proceedings before the ITC under section 337 of the Tariff Act of 1930, "the district court shall stay, until the determination of the [ITC] becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the [ITC]." 28 U.S.C. § 1659(a). The request for stay must be made within thirty days after the party is named in the proceeding before the ITC or thirty days after the district court action is filed, whichever is later. 28 U.S.C. § 1659(a)(1)–(2). "The purpose of § 1659(a) [is] to prevent infringement proceedings from occurring 'in two forums at the same time.'" *In re Princo Corp.*, 486 F.3d 1365, 1368 (Fed. Cir. 2007).

Moreover, "[d]istrict courts have inherent authority to stay proceedings before them." *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

1       BDT Products has demonstrated that all of the requirements for a stay pursuant to § 1659(a) are met.  First, BDT Products is both a party to this civil action and a respondent in ITC Investigation Number 337-TA-746, entitled *In the Matter of Certain Automated Media Library Devices*, which is being conducted pursuant to section 337 of the Tariff Act of 1930.[1]  (*See* Doc. No. 21-1 (Hedrick Decl.) Ex. B.)  Second, both the civil action and the ITC investigation involve allegations of infringement of the '766 and '581 patents.  (*See* FAC; Hedrick Decl. Exs. A, B.)  Third, the request to stay the proceedings in this Court was timely filed.  The ITC issued notice of initiation of its investigation on November 18, 2010, which notice was published in the Federal Register on November 24, 2010.  (*See* Hedrick Decl. Ex. B; Notice of Institution of Investigation, 75 Fed. Reg. 71735–36 (Nov. 24, 2010).)  BDT Products' motion to stay was filed on November 24, 2010, and thus within thirty days of BDT Products being named as a respondent in the ITC investigation.

      Accordingly, the motion to stay the proceedings in this Court with respect to BDT Products and IBM, which has joined in BDT Products' motion, is **GRANTED**.  Further, the Court exercises its inherent authority to stay this civil action with respect to the non-moving defendants, as they, too, are respondents in the ITC investigation, "and it is in the interest of judicial economy that the Court stay this entire case pending the ITC's final determination." *Verve, LLC v. Verifone, Inc.*, 2004 WL 2600452, at *1 (N.D. Cal. Feb. 15, 2004).

      As to Plaintiff's request that it be allowed to continue to effect service of process on the Foreign Defendants, it is **DENIED**.  On its face, § 1659(a) seems to say that once a stay is imposed, all proceedings in the district court must cease.  *See* 28 U.S.C. § 1659(a); *Sandisk Corp. v. Phison Elecs. Corp.*, 2008 WL 4533715, at *1 (W.D. Wis. Sept. 17, 2008).  This reading is consistent with the only appellate decision on point, which holds that § 1659 should not be read as allowing "cumbersome on-again, off-again stays." *In re Princo*, 478 F.3d at 1355.  Moreover, the Court is persuaded that the stay should extend to service of process.  "A defendant served with process during a stay may be unaware of the stay; at a minimum, he is confronted with the confusing position of being told that nothing is to happen in the case but that he is also required to serve an answer (or other

---

[1] The non-moving Defendants also are named as respondents in the ITC investigation.  (*See* Hedrick Decl. Ex. B.)

1 responsive pleading)." *Denton v. United States*, 2006 WL 3783595, at *1 (N.D. Ga. Dec. 21, 2006).

2 The Court doubts that Congress intended such a result when it enacted § 1659.[2]

### CONCLUSION

For the reasons stated, BDT Products' motion for stay is **GRANTED**. This action is **STAYED** as to all Defendants. Plaintiff's request that it be allowed to continue to effect service on the Foreign Defendants is **DENIED**.

Good cause appearing, IBM's motion for extension of time to file answer is **GRANTED**. IBM shall serve its answer or another responsive pleading within 21 days after the Court lifts the § 1659(a) stay.

IT IS SO ORDERED.

DATED: December 8, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[2] Further, the Court finds instructive by the reasoning of *Sandisk*, in which the Court declined to lift a § 1659(a) stay in order to allow the plaintiff to seek the issuance of letters rogatory. 2008 WL 4533715, at *1 ("At any rate, I am not persuaded that this court has the authority to lift the stay for even allegedly ministerial tasks connected with the litigation.").